IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**COREY RICHARDSON,**

    **Petitioner,**

v.                                                         **Civil Action No. 2:07cv78**
                                                        **Criminal Action No. 2:05-cr-8**
                                                        **(Judge Maxwell)**

**UNITED STATES OF AMERICA**

    **Respondent.**

**OPINION/REPORT AND RECOMMENDATION**

On October 4, 2007, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, along with a Memorandum in Support. This case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 83.01, et seq., and Standing Order No. 4.

**I.**     **Procedural History**

**A.**     **Conviction and Sentence**

On October 20, 2005, the petitioner signed a plea agreement by which he agreed to plead guilty to Count Eleven of the Superseding Indictment, charging him with distribution of 2.35 grams of cocaine base, also known as "crack", in violation of Title 21, United States Code, Section 841(a)(1). See Plea Agreement (dckt. 224) ¶ 1. In the plea agreement, both parties stipulated and agreed that the petitioner's total drug relevant conduct was at least 150 grams of cocaine base, but not more than 500 grams of cocaine base, and 0.75 grams of cocaine hydrochloride, also known as "coke." Id. at ¶ 9. Additionally, the petitioner's plea agreement contained the following language regarding waiver:

> 10. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions heretofore made by the United States in this plea agreement, Defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus). The United States does not waive its right to appeal the sentence; however, in the event that there would be an appeal by the United States, Defendant's waiver contained in this paragraph will be voided provided Defendant complies with the provisions of Rule 4(b)(1)(A)(ii) of the Federal Rules of Appellate Procedure.

Id. at ¶ 10.

On November 14, 2005, the petitioner entered his plea in open court. During the Rule 11 hearing, the Court asked if the petitioner understood the waiver of appellate and post-conviction rights.[1] The Court asked petitioner's counsel if he believed petitioner understood the waiver of appellate and post-conviction rights. See Plea Transcript (dckt. 222) pp. 15-16. Petitioner stated that he understood and agreed with all the terms and conditions of the plea agreement. Id. at 16. The Court then reviewed all the rights petitioner was giving up by pleading guilty. Id. at pp. 21-22.

---

[1] At the Rule 11 hearing, the following exchange took place:

> THE COURT: Do you understand that under the terms of the plea agreement, you are giving up your right to appeal any sentence imposed by the Court? You are giving up all rights to appeal, except what you have reserved or preserved in the plea agreement? Do you understand?
>
> THE DEFENDANT: Yes.

Plea Transcript (dckt. 222) pp. 15-16.

During the plea hearing, the Government presented the testimony of Sheriff Deputy Jeremy Taylor, Mineral County Sheriff's Department, to establish the factual basis for the plea. Id. at pp. 23-25. The petitioner did not contest the factual basis for the plea. After the Government presented the factual basis for the plea, the petitioner advised the Court that he was guilty of Count Eleven of the Indictment. Id. at 25. The petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. Id. at pp. 26-27.

At the conclusion of the hearing, the Court determined that the plea agreement was made freely and voluntarily and that the petitioner understood the consequences of pleading guilty. Id. at 27. The petitioner did not object to these findings.

On January 17, 2006, the petitioner appeared before the Court where he received a sentence of 168 months imprisonment and three years of supervised release.

**B.**     **Appeal**

The petitioner filed a direct appeal with the Fourth Circuit Court of Appeals, appealing his sentence. The Fourth Circuit Court of Appeals dismissed the appeal, finding that the petitioner's appeal waiver found in his plea agreement is valid and enforceable. Hence, any challenge to his sentenced was barred by the waiver.

**C.**     **Federal Habeas Corpus**

Petitioner's Contentions

(1) Ineffective assistance of counsel for

      (a) failing to appeal to the United States Supreme Court,

      (b) failing to ask the Court for an evidentiary hearing[2],

---

[2] Petitioner wanted an evidentiary hearing regarding the relevant conduct concerning the amount of drugs.

3

> (c) failing to proceed to trial,

(2) Lack of jurisdiction by federal courts

(3) Violation of Due Process rights, and

(4) Prosecutorial Misconduct.

## II.     Analysis

### Waiver of Post-Conviction Rights

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." Blackledge v. Allison, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains "can be secure . . . only if dispositions by guilty plea are accorded a great measure of finality." Id. "To this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

In United States v. Attar, 38 F.3d 727 (4th Cir. 1994), the Fourth Circuit found that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." Attar at 731. The Fourth Circuit then found that whether a waiver is knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." Id. After upholding the general validity of a waiver-of-appeal-rights provision, the Fourth Circuit noted that even with a waiver-of-appeals-rights provision, a defendant may obtain appellate review of certain limited grounds. Id. at 732. For instance, the Court noted that a defendant "could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." Id. Nor did the Court believe that a defendant "can fairly be said to have waived his

4

right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel." Id.

Subsequently, in United States v. Lemaster, supra, the Fourth Circuit saw no reason to distinguish between waivers of direct appeal rights and waivers of collateral attack rights. Lemaster, 403 F.3d at 220. Therefore, like waiver-of-appeal-rights provision, the Court found that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. And, although, the Court expressly declined to address whether the same exceptions apply since Lemaster failed to make such an argument, the court stressed that it "saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." Id. at n. 2.

Based on these cases, it appears that ineffective assistance of counsel ("IAC") claims are barred by a valid waiver, to the extent that the facts giving rise to the claims occurred prior to the defendant entering his guilty plea. Only claims arising after the entry of the guilty plea may fall outside the scope of the waiver. Lemaster, 403 F.3d at 732 (it cannot be fairly said that a defendant "waived his right to appeal his sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations").

Therefore, when reviewing an ineffective assistance of counsel claim in a case where there is a waiver of collateral-attack rights in a plea agreement, we must first determine whether there is valid waiver. In doing so,

> The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Although this determination is often made based on adequacy of the plea colloquy -- specifically, whether the district court questioned the defendant about the appeal waiver – the issue ultimately is evaluated

5

> by reference to the totality of the circumstances. Thus, the determination must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (internal citations and quotations omitted). In other words, the Court must examine the actual waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceedings. Id. If the Court finds that the waiver is valid, any IAC claims arising prior to the plea agreement are barred by the waiver.

Here, the undersigned finds that the petitioner knowingly and intelligently waived his appeal and collateral attack rights. At both the Rule 11 and sentencing hearing, the Court specifically addressed the issue of the waiver with the petitioner. At both proceedings, petitioner stated affirmatively that he understood the waiver. Thus, any claims arising prior to or during the Rule 11 hearing are barred.

The only claim raised by petitioner that is not pre-plea is his claim that counsel was ineffective for not filing an appeal to the United States Supreme Court. However that claim runs counter to the case law. In Wainwright v. Torna, 455 U.S. 586 (1982), the Supreme Court stated that "a criminal defendant does not have a constitutional right to counsel to pursue . . . applications for review in this Court." Id. at 587. Hence, with no right to counsel, a petitioner could not be deprived of the effective assistance of counsel by his attorney's failure to file a timely petition for discretionary review. Id. at 587-588. Thus, petitioner's counsel was under no legal obligation to file a writ of certiorari with the Supreme Court, despite petitioner's request. Therefore, petitioner's contention is without merit and should be dismissed.

### III. Recommendation

Based upon a review of the record, the undersigned recommends that the petitioner's §2255

motion be **DENIED** and **DISMISSED** from the Court's active docket because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: June 16, 2008

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE